GARDINER, Judge.
The plaintiff, Thomas Conners, Sr., individually and on behalf of his minor son, Thomas Conners, Jr., filed this suit against the defendants, New Orleans Building Maintenance Corporation and its liability insurer, The Travelers Insurance Company, in solido, to recover damages for personal injuries sustained by the minor and the medical expenses expended in connection therewith as the result of the alleged negligent operation of a truck being driven by the defendant corporation’s employee, Louis O. Besalu.
The defendants answered, denying the allegations of negligence, and averring that the sole cause of the accident was the negligence of Thomas Conners, Jr., who, in leaving a position of safety and without looking, placed himself in a position of obvious peril by running from the curb in front of a parked bus and into the path of the oncoming traffic; alternatively defendants pleaded such acts as constituting contributory negligence on the part of young Conners.
Following a trial on the merits, judgment was rendered in favor of the defendants dismissing the plaintiff’s suit at his cost, and plaintiff has appealed.
The facts are that on April 15, 1965, at about 11:00 a. m., the plaintiff, Thomas Conners, Jr., who was fourteen years of age at that time, after alighting from a New Orleans Public Service bus, at the intersection of Monroe and Olive Streets, in the City of New Orleans, proceeded in front of the parked bus to a point about fourteen feet from the curb, where he ran *360 into the track owned by the defendant, New Orleans Building Maintenance Corporation, which was being driven by its employee, Louis O. Besalu, on Monroe Street in the direction of Lake Pontchartrain. Monroe Street is a two-way street with parking permitted on both sides. Conners sustained serious personal injuries for which he was treated at Charity Hospital and later at Ochsner Foundation Hospital.
Young Conners testified that he remembered waiting for a bus to go to his grandmother’s home which was located on Olive Street, but he could not remember riding on the bus or any of the events surrounding the accident.
Louis O. Besalu testified that on the day of the accident, he was driving his employer’s new truck which he was breaking in, and at the time of the accident, he was proceeding in an easterly direction that is, toward Lake Pontchartrain, on Monroe Street. He stated that when he was about a block from the intersection of Olive and Monroe Streets, he observed the Public Service bus parked at the curb to discharge passengers and he drove toward the center of the roadway, remaining within the lane next to the bus, and proceeded to pass it. However, in his deposition he stated that he did move into the left-hand or oncoming traffic lane. He further testified that he did not see the boy until a few seconds before he hit the windshield of the truck, and, at that moment, he applied his brakes, and stopped 22' from the point of impact. The boy “bounced” about 20' from the track.
The testimony of Rudolph H. Boud-reaux, Jr., the investigating officer, is that he arrived at the scene after the accident occurred. He said that the speed limit on Monroe Street is 20 miles per hour; that the brakes on the track were in good condition, and that the approximate speed of the truck was 15 to 17 miles per hour since it stopped within 22' from the point at which the brakes were applied. He also estimated that Conners was thrown a distance of about 38' 11" from the point of impact.
The trial judge determined as a fact that Besalu was not guilty of negligence and that the proximate cause of the accident was the gross negligence of young Conners in “suddenly coming out in front of a bus * * * directly into the path of oncoming traffic.” In our opinion this finding is correct.
This is another case of a child running in front of a parked vehicle directly into an oncoming truck without having taken the necessary precaution of looking for traffic. The evidence is that the truck was going at the rate of 15 to 17 miles an hour. The driver of the truck stated that the boy was not looking in his direction. He came into the path of the vehicle when it was too late for the driver to take any steps to avert the accident, which was unavoidable. We find that the driver of the track was not guilty of negligence.
The judgment appealed from is affirmed.
Affirmed.